IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR SHORT, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-3563-M-BK |
| | § | |
| CR ENGLAND GLOBAL INC., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 1, 2014, Plaintiff filed a *pro se* complaint against Defendant CR England Global Inc., which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

On October 27, 2014, the Court issued a second deficiency order directing Plaintiff to submit (1) a complete motion to proceed *in forma pauperis* on the AO-239 Form, and (2) an amended complaint that complies with Rule 8(a), or this case will be dismissed for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice. [Doc. 13, emphasis in original]. The deadline for Plaintiff's response was November 10, 2014. While Plaintiff submitted two motions for leave to proceed *in forma pauperis*, he failed to file an amended complaint as directed by the Court. Moreover, neither of his November 2014 filings can be liberally construed as an amended complaint in compliance with the Court's order. [Doc. 16 at 1; Doc. 17 at 1].

In Plaintiff's November 10, 2014 *Rules 8(a) Amendables*, he states:

Victor Short, Sr. filed his hardship claim under other circumstances in three Profound parts, also under Lanham Act§ 1117(35), Remedies of Recovery Trademark Infringements.

> A. Temporary financial difficulty related to: Chapter 13, Trustee(s) Non Use of upper courts Decision without jury.
>
> B. Dragon Honey Bees and Beeswax LLP. May also convince a court that the Trademark Really wasn't abandoned, despite the lack of use.

CONCLUSION: The senior partner, or user - must prove likely hood of first business to adopt a Particular Beehive Harvest and/or Little Treasure Academy Day Care Services In connection with the good and services taken during ALLMAND LAW FIRM Protection Order.

Closing: The court may also determine likely hood of confusion, the courts have several factors to Derived from a 1061 Supreme Court Rule. See, e.g. Polaroid Corp. v Polarad Elect. Corp. 287 F.2d 492(2d Cir.1961.)

[Doc. 16 at 1].

In the *Amended Correspondence* regarding *Validation/Proof of Claim Requested* filed November 12, 2014, Plaintiff states:

> Plaintiff's Victor Short, Sr. has file his claim under other circumstance in three parts.
>
> a). Lanham Act §1117(35), Remedies of Recovery- Copy Right Trademark Infringements.
>
> b). Dragon Honeybees and Beeswax LLP. May also convince a court that Trademark really Wasn't abandoned, despite the lack of use.
>
> c). Temporary financial difficulty related to Chapter 13, Trustee(s). non use of court decision Without jury.

COVERAGE OF RELIEF: The senior partner, or user-must prove likely hood of first business to adopt a Particular Beehive Harvest, and/or Little Treasure Academy Day Care Service. In connection with good faith services taken during ALLMAND LAW FIRM Initial Protective Order results Jeffrey Berry, and Robert Remisuer Attachments

> Method and Materials: Court may also determine likely hood of conclusion, the court have several factors Derived from a 1961 SUPREME COURT RULES. *See,e.g. Polaroid Corp. v.Polar ad Elect. Corp. 287 F.2d 492(2d CIR.1961.)*

[Doc. 17 at 1].

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has had ample opportunity to respond to the Court's second deficiency order and submit an amended complaint in compliance with Rule 8(a). However, he has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] Absent a proper amended complaint, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED November 18, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE